CIEREMAN *v.* VANDER LIND

1. PROCESS—SERVICE—PROOF—FAILURE.
    Failure to make proof of service of process does not affect the validity of the service (MCLA § 600.1910[2]; GCR 1963, 104 [2]).

2. PROCESS—SERVICE—SUBSTITUTE SERVICE—RETURN.
    Process served by substitution as prescribed by statute was valid and conferred jurisdiction on a circuit court commissioner in summary proceedings for the possession of land even though the return of the serving officer recited personal service on the defendant rather than substituted service (MCLA § 600-.5643).

Appeal from Kent, Roman J. Snow, J. Submitted Division 3 December 5, 1969, at Grand Rapids. (Docket No. 7,209.) Decided December 8, 1969.

Complaint by William Ciereman against Edward J. Vander Lind, Thelma L. Vander Lind, and William Noordyk to vacate a default judgment. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Phelps, Linsey, Strain & Worsfold* (*Allen R. Smith,* of counsel), for plaintiff.

*Varnum, Riddering, Wierengo & Christenson* (*Carl R. Fleetwood,* of counsel), for defendants Vander Lind.

Before: J. H. GILLIS, P. J., and McGREGOR and QUINN, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 42 Am Jur, Process § 117.
[2] 42 Am Jur, Process §§ 117, 118, 120, 121.

Per Curiam.   January 29, 1969, plaintiff filed this action in circuit court to vacate a default judgment, dated January 20, 1968, and entered in circuit court commissioner's court in favor of defendants Vander Lind and against plaintiff and his wife, Arbutus. The default judgment was entered in summary proceedings to recover possession of land on foreclosure of land contract pursuant to MCLA § 600.5634 *et seq.* (Stat Ann 1962 Rev § 27A.5634 *et seq.*).   The present action followed service on plaintiff under date of January 17, 1969, of a writ of restitution.

The basis of plaintiff's present action is his contention that he was not personally served with summons in the summary proceedings and the return of service of process failed to indicate that plaintiff was not personally served.   The return of service by the officer indicated personal service on plaintiff and on his wife; plaintiff admits personal service on his wife.

Defendants Vander Lind moved for summary judgment, GCR 1963, 117.2(1).   With this motion, the affidavit of the officer who served the process in the summary proceedings was filed.   With plaintiff's answer to the motion, the affidavit of Arbutus Ciereman was filed.   From these affidavits, the trial court found that summons was served on Arbutus Ciereman at the home of plaintiff and his wife on June 17, 1968; that she knew the land contract was in default and that she knew the nature of the summary proceedings.   These findings are substantiated by uncontroverted allegations in the affidavits and we cannot disturb these findings.   GCR 1963, 517.1.

MCLA § 600.5643 (Stat Ann 1962 Rev § 27A.5643) prescribes manner of service and in pertinent part reads:

"[B]ut if the defendant shall not be found, it shall be served, by leaving such copy at the usual place

of abode of such defendant, in the presence of some person of suitable age, who shall be informed of its contents   *   *   *   ."

The findings of the trial court demonstrate that this statutory method of service was complied with. From the fact that plaintiff states in his brief, "appellant filed a complaint to vacate the judgment of the circuit court commissioner for failure to serve the appellant and failure to return the proof of service indicating that the appellant was not served", and fails to argue the invalidity of service under the statutory provision quoted above, we infer his complaint relates to the form of the return and not to statutorily prescribed manner of service.  The following language from the opinion of the trial court supports this inference:

"Plaintiff William Ciereman claims, however, that the issue raised by the defendant that service on a person of suitable age is sufficient is not applicable in light of the service return.  That if service was made upon Arbutus Ciereman for William Ciereman the return should so state.  That service on Arbutus Ciereman is not personal service on the named defendant and cannot be returned as stated that he was served without the distinction that the service was substituted."

Failure to make proof of service does not affect the validity of service.  MCLA § 600.1910(2) (Stat Ann 1962 Rev § 27A.1910[2]); GCR 1963, 104(2). The record before the trial court indicates that the circuit court commissioner had jurisdiction of plaintiff in the summary proceedings, and the trial court was correct in holding that plaintiff's complaint failed to state a claim upon which relief could be granted.

Because of the foregoing, we find it unnecessary to discuss the other two issues raised by plaintiff.

Affirmed with costs to defendants Vander Lind.